UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK PEOPLES,

        Plaintiff,                        Case No. 15-14003
                                                       Hon. Mark A. Goldsmith
vs.

FCA US LLC,

        Defendant.
_____/

**OPINION & ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 53)**
**AND DENYING PLAINTIFF'S MOTION TO SUBMIT A REPLY BRIEF (Dkt. 55)**

On May 24, 2017, this Court granted Defendant's motion for summary judgment (Dkt. 37) on the basis that Plaintiff Peoples could not show that Defendant's legitimate, nondiscriminatory reasons for disciplining and terminating him were mere pretexts for discrimination or retaliation; he failed to exhaust his administrative remedies as to a Title VII hostile work environment claim; his evidence of a hostile work environment claim related to his disability was unconnected to his disability and, in any case, the alleged environment was insufficiently hostile as a matter of law; and his negligent infliction of emotional distress claim was preempted by Michigan's Worker's Disability Compensation Act. See generally 5/24/2017 Op. & Order (Dkt. 51).

On June 7, 2017, Peoples timely filed a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(h), claiming that this Court's May 24, 2017 opinion contained "palpable defects" that, if corrected, would lead to a different result. See Mot. for Reconsideration at 1-2 (Dkt. 53). Notwithstanding his initial statement that it was this Court that committed the errors, however, Peoples then immediately state that his motion is necessary to "correct and clarify

1

the facts contained in the record" and "clarify his position." Id. at 2. This concession accurately reflects why his motion must be denied: his motion relies upon arguments that could have been timely made, and evidence that could have been timely added to the record.

## I. STANDARD OF DECISION

Rule 7.1(h) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (i) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (ii) show that "correcting the defect will result in a different disposition of the case." E. D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. Mktg. Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3d ed. 1988)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, generally will not be granted. E.D. Mich. LR 7.1(h)(3); see also Czajkowski v. Tindall & Assocs., P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).

No response to a motion for reconsideration is permitted unless the court orders otherwise. See E. D. Mich. LR 7.1(h)(2).

## II. ANALYSIS

Peoples' first argument concerns the analysis of his treatment at the paint shop job that Peoples began shortly before he was disciplined and terminated. See Pl. Mot. for Reconsideration at 14. On this point, this Court held that (i) Peoples could not show pretext for retaliation on temporal proximity alone; and (ii) in the alternative, Peoples admitted that he could not do the job despite having been trained for it. 5/24/2017 Op. & Order at 21-22 & n.14. In opposition to this reasoning, Plaintiff cites the training rights protected by the Collective Bargaining Agreement

2

("CBA") between Defendant and his union to prove that the training he received was not adequate. See Pl. Mot. for Reconsideration at 14-16. He does not offer argument or evidence that the denial of adequate training was retaliatory.

Peoples does not point to any place in the record in which he cited the CBA for the proposition that it granted him a certain level of training that Defendant did not afford him before disciplining him. The complaint does not mention the alleged lack of training, or retaliation short of termination, at all. See Compl. ¶¶ 23-25 (Dkt. 1). Peoples' motion for partial summary judgment only mentions the CBA in the context of rotation violations in 2011 and February 2013, see Pl. Mot. for. Summ. J. at 7, 16, 23 (Dkt. 38), not training violations in 2014; and his reply brief (Dkt. 47) does not mention the CBA at all. His response to Defendant's motion for summary judgment (Dkt. 42) does not mention the CBA. Peoples' 2015 EEOC charge supports that he believed that he was asked to perform the job "without adequate training," see 2015 EEOC Charge, Ex. BB to Def. Mot. for Summ. J. (Dkt. 37-29); yet he did not see fit to include this argument in his briefing. This Court did not commit palpable error for failing to consider evidence that Peoples did not utilize in connection with his retaliation claim.

Also regarding the paint shop job, Peoples repeats his argument that he protested that the job fell outside of his medical restrictions. See Pl. Mot. for Reconsideration at 17. However, he makes no argument directed at this Court's May 24, 2017 opinion, let alone identify how it palpably erred. Because Peoples has not attempted to show palpable error, this argument is rejected.

Nor does Peoples' evidence support his argument, notwithstanding his failure to focus on this Court's opinion. He cites medical restrictions that permitted limited lifting and bending to some degree; then he claims that Brad Devine testified that the paint shop job "required Plaintiff

to engage in lifting and bending at the torso level in violation of Plaintiff's medical restrictions." Pl. Mot. for Reconsideration at 17. First, as Peoples frames them, his restrictions do not prohibit all bending. Second, the instant motion does not point to where in Devine's deposition that Devine conceded that the job violated the restrictions.[1] Third, Devine actually testified that the paint shop job fell within the restrictions. See Devine Dep. Tr., Ex. T to Def. Mot. for Summ. J., at 94-95 (Dkt. 37-21).

Peoples also contests this Court's holding that he failed to create a fact question whether he complied with the "5-day letter," which required him to substantiate his absence. See Pl. Mot. for Reconsideration at 17. In support of his claim that he submitted a doctor's note, Peoples offers his Employee Medical Record, which does appear to show that a note was submitted. See Empl. Med. Record, Ex. G to Pl. Mot. for Reconsideration, at 1 (Dkt. 53-7). In his motion, however, he did not cite this evidence; and, in his response to Chrysler's motion, he only cited this document as evidence of unrelated events that occurred in 2012. See Pl. Resp. at 6. The document is not properly considered on a motion for reconsideration for this purpose, and this Court did not err by failing to scrutinize the document for a particular significance other than the one timely advanced by the party who offered it.

Rather than citing his medical record, Peoples cited to the note itself as proof that he submitted the note. See Pl. Mot. for Summ. J. at 18. Likewise, in his response to Defendant's

---

[1] In his response to Defendant's motion for summary judgment, Peoples claimed that Devine conceded that the paint shop job fell outside of Peoples's medical restrictions on pages 124, 125, and 127 of Devine's deposition. See Pl. Resp. at 9 (Dkt. 42) (citing Devine Dep. Tr., Ex. L to Pl. Resp., at 124, 125, 127 (Dkt. 42-12)). The cited testimony describes the walk-through of Peoples's workstation that occurred after Peoples left by ambulance on October 22, 2014. To the limited extent this testimony pertains to whether the job fit within Peoples's restrictions, it reflects the plant doctor's conclusion that the job did not violate the restrictions. See Devine Dep. Tr. at 125:9-15.

4

motion, Peoples again only used the note itself as proof of its submission. See Pl. Resp. to Def. Mot. for Summ. J. at 10. And, for a third time, in his reply brief, he cited the note itself as proof of its submission to Defendant. See Pl. Reply at 3. In his reply, Peoples also cited his own testimony that he brought in some form of documentation; but in that testimony Peoples stated that he was unsure of what he brought in or which doctor wrote the note; and, in any case, he did not create a fact question whether the note was "satisfactory." See id.; Pl. Dep. Tr., Ex. H to Pl. Reply, at 225-228 (Dkt. 47-8).

Relatedly, Peoples now cites the CBA for the proposition that his October 29, 2014 documentation was satisfactory. Pl. Mot. for Reconsideration at 18 ("Plaintiff's request for leave was viable."). As noted above, Peoples may not newly invoke the CBA for a purpose that could have been invoked during the normal course of briefing. Because Peoples is attempting to untimely admit evidence that was not cited for the instant purpose, it is not properly considered on a motion for reconsideration; and the Court remains convinced that it reached the correct result on the evidence that was submitted.

Finally, Peoples disputes this Court's conclusion that he did not create a fact question sufficient to survive summary judgment on his hostile work environment claim. This portion of the motion cites no evidence, fails to point out any particular error committed by this Court, and restates arguments made and rejected when the cross-motions for summary judgment were decided. See Pl. Mot. for Reconsideration at 19-20. Each of these reasons is independently sufficient to deny a motion for reconsideration on this point.

### III. PLAINTIFF'S MOTION TO SUBMIT REPLY BRIEF (Dkt 55)

After Chrysler submitted its court-ordered response (Dkt. 54) to Peoples's motion for reconsideration, Peoples sought leave to file a reply brief (Dkt. 55).

Peoples's motion is denied. The motion states that Peoples "would like the opportunity to submit a reply so that [he] can explain why the facts [he] sought to correct should not be disregarded." See Pl. Mot. for Supp. Br. at 2. This misapprehends the purpose of a motion for reconsideration, which, as explained above, is to correct an error of the court. Far from identifying any error of this Court, Peoples's motion attempts to use the motion to submit new evidence, or to resubmit existing evidence for a different purpose. A reply brief that restates these types of arguments will not serve Peoples's cause. Furthermore, it should be noted that this Court's decision to deny the motion for reconsideration was not aided by Chrysler's response. It is therefore not inequitable to deny Peoples the opportunity to correct any misstatements of fact made in Chrysler's response.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (Dkt. 53) is denied, and Plaintiff's motion to submit a reply brief (Dkt. 55) is denied.

SO ORDERED.

Dated: August 16, 2017  　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 16, 2017.

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　Case Manager